UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

MARCO ANTONIO OCAMPO
FRANCISCO,
　　　Defendant.

Case No. 2:26-cr-00027-1

**MOTION FOR DETENTION**

On Wednesday, July 8, 2026, Defendant Ocampo Francisco was arrested in Newark, New Jersey. At his initial appearance in New Jersey, he waived a right to a detention hearing in New Jersey and consented to transport by the United States Marshals Service to the District of Vermont. Ocampo Francisco is now in Vermont, and the United States anticipates that the Court will hold an in-district initial appearance promptly. The United States of America moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142.

1. Eligibility for Detention.

This Defendant is eligible for detention because the case involves a serious risk that the Defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A). As discussed below in more detail, the Defendant has no ties to this community, minimal ties to New Jersey where he lives, and significant international ties. The Defendant was engaged in a sophisticated international smuggling operation as an organizer – supervising and coordinating drivers to meet aliens illegally entering the United States at the Canadian border and transport them to multiple locations within the United States in furtherance of their illegal entry. As the indictment makes clear, the Defendant's involvement with this activity was sustained and extensive, showing that he would have access to a smuggling network both within and outside of the United States and therefore the ability to abscond.

1

2. <u>Reason For Detention</u>.

The Court should detain the Defendant because there are no conditions of release which will reasonably assure the Defendant's appearance as required.

3. <u>Rebuttable Presumption</u>.

Rebuttable presumptions do not apply in this case.

4. <u>Time For Detention Hearing</u>.

United States requests the court conduct the detention hearing upon completion of a local pretrial services report.

5. <u>Argument for Detention</u>.

As this Court knows, it must detain a defendant when "no condition or combination of conditions will reasonably assure the appearance of the person." 18 U.S.C. § 3142(e)(1). The government bears the ultimate burden to prove by a preponderance of the evidence that the defendant is a flight risk. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). This determination is guided by "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person. . . [including community ties and probationary status at the time of the offense] . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).  "The rules of evidence do not apply in a detention hearing" and "the government may proceed by proffer" in such proceedings. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

In January 2025, a driver in a Honda Pilot with Virginia plates was stopped in a remote area of Northwest Vermont.  He had picked up two individuals within walking distance of the Canadian border, a citizen of Guatemala and a citizen of Mexico, neither of whom had

authorization to be in the United States. When U.S. Border Patrol seized the driver's phone, they found the communications with the coordinator who had arranged this trip, the Defendant, OCAMPO FRANCISCO. Further investigation revealed the Defendant had coordinated numerous other illegal border crossings in Vermont and New York.  OCAMPO FRANCISCO used two different numbers to coordinate trips, and he received some of his payments for his part in this trafficking network via electronic transfers using a third number.  Videos were made of the aliens he helped to bring into this country that would then be placed as advertisements on Tik Tok to encourage more aliens to illegally cross the Canadian border using his services. OCAMPO FRANCISCO not only profited from international human smuggling, he and his conspirators used the aliens involved to try to encourage more such lawbreaking and grow the illicit business and the profits they made from it. The Defendant's access to this international smuggling network and the circumstances of his offense, under 18 U.S.C. § 3142(g)(1), strongly indicate the sort of flight risk that is posed by releasing him.  The "weight of the evidence," 18 U.S.C. § 3142(g)(2), also counsels in favor of pretrial detention, as data reviewed by agents demonstrate his violations have involved multiple incidents involving multiple drivers and aliens in different arrests.

The Defendant has no known ties to Vermont, and he is unlawfully present in the United States.  Moreover, he has numerous ties to Mexico, his home country. The Defendant has three brothers, a mother, and a father in Mexico. He arrived unlawfully in the United States by crossing the Canadian border in March of 2024 and appears to have remained in the United States thereafter.  The Defendant also has minimal ties to New Jersey, where he lived at the time of his arrest. Although he has a wife and a minor child, they are currently separated, and he was living in an apartment with roommates.  He has no work authorization in the Untied States and

no identifiable employer or source of income, other than his vague description that he does "odd jobs" and receives "family support" from Mexico. Simply put, the Defendant has spent less than three years in this country, a portion of which he devoted to coordinating illegal immigration across the very border he unlawfully crossed to arrive here.[1] These considerations favor detention under 18 U.S.C. § 3142(g)(3). The Defendant's lack of criminal history is unsurprising, as it is a necessary part of his illegal enterprise to avoid interactions with law enforcement. Finally, the United States is not alleging or seeking a finding of dangerousness under 18 U.S.C. § 3142(g)(4).

For the foregoing reasons, the government respectfully submits that detention is the only way to reasonably assure the appearance of the Defendant as required. Accordingly, the Court should order the defendant's pretrial detention.

Dated at Burlington, in the District of Vermont, July 30, 2026

Respectfully submitted,

By: /s/ *Dana Hill*
Dana Hill
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

---

[1] The United States recognizes that it was not successful in seeking the detention of Sergio Gomez Romero, a similarly situated co-defendant involved in the same conspiracy. Gomez Romero had been present in the United States for more than 15 years, had been a cook at the same restaurant for more than a decade, and had minor children who he supported and lived with. Ocampo Francisco has considerably weaker ties to the United States and stronger ties internationally than Gomez Romero.